Wright, J.
Bartlett, Massey & Ryan were convicted •before the Police Court of Cincinnati for obtaining money under false pretenses. An application to the court of common, pleas for the allowance of a writ of error was refused, whereupon a writ of error was allowed in the supreme coui’t, and numerous grounds of error are alleged in the proceedings of the police court.
The first relates to the insufficiency of the information.
It is claimed that it alleges no offense, inasmuch as the ■false pretenses were such as were not calculated to deceive persons of ordinary prudence and discretion.
The parties convicted were the proprietors of an auction store in Cincinnati. They sold, at auction watches, which they said were of gold, eighteen karats fine. One Joseph Leins purchased such a watch of them at auction for $16, and subsequently discovered that the gold, eighteen karats fine, was an entire deception. The parties being convicted, argue, if we understand aright, that nobody but a person •extremely silly would believe that a gold watch could be 'bought for $16, and therefore their false pretenses could have deceived no one of ordinary discretion. But even persons deprived of ordinary discretion, children, or idiots, -are entitled to the protection of the laws, and a man who is ineffably dull may not, for that reason alone, be robbed •with impunity.
*671 It is objected that the name of the prosecuting witness was not indorsed upon the information. This is required, as to indictments, by section 83 of the criminal code, but we do not know that it is necessary in regard to informations. In case of indictments,.it is desirable to have the prosecuting witness indorse, so as to make him responsible for costs. This prevents frivolous prosecutions. But when an information is presented by the public prosecutor, this is sufficient guarantee of the bona fides of the transaction.
There are various other objections made to the information, which are elaborately argued, and a multitude of authorities cited. But we think all the questions maybe disposed of by reference to the criminal code. The same strictness of averment is not required now as was formerly the case.
Section 90 (66 Ohio L. 301) provides that the indictment shall not be invalid “ for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.”
Title V., section 106, Criminal Code (66 Ohio L. 303), provides for taking exceptions to indictments, by motion to quash, plea in abatement, and demurrer. A motion to quash reaches “ defects in the form of the indictment, or in the manner in which the offense is charged.” If advantage is not thus taken, the error is waived by section 111. This disposes of most of the objections made to the information.
Evidence was offered by the defendants below to show the value of the watch, which was excluded, and this is claimed to be error.
It was not pretended upon the trial that this was a gold watch, but the evidence on both sides, without discrepancy, shows thatit was merely plated. Defendants themselves do not dispute it. The proposition is, that the prosecuting witness having bought the article upon the representation that it was gold, the falsity of such pretense being con *672 ceded, it may be shown that there was still some value in the thing sold.
If one purchases an article upon faith of the representation that it is what it is not, the criminality of the false pretense is not relieved because the article sold was of value. Should one buy a picture upon the assertion untruly made that it was from the brush of some distinguished painter, neither the falsity of the pretense nor the intent to deceive is disproved by evidence showing that the picture was of value.
It is also objected that the jury was not duly sworn.
The record states that certain persons, naming them, were impaneled and sworn to well and truly try and true deliverance make; but the form of the oath administered is not given, nor does the record purport to give it. It only states, as though it were giving a history of the trial, that a jury was impaneled and sworn. If the oath administered was insufficient or improper, it was the duty of the party to incorporate into his bill of exceptions the form of oath used, in order that a court of error may see whether it was-the proper one or not. But we are unable to tell from this bill whether the jury was sworn by the uplifted hand, by the book, or whether they affirmed.
It is also objected that the court erred in sentencing the-defendants without first informing them of the verdict of the jury, and asking them whether they had anything to-say why judgment should not be pronounced against them. The action of the court in this regard does not form a necessary part of the record, and as it is silent on the subject, we must presume the court did its duty, until the contrary appears, as was held in Carper v. State, 27 Ohio St. 572, and Bond v. State, 23 Ohio St. 349.
It is claimed that the verdict is against the evidence. The prosecuting witness and his cousin testify that they went into this auction store; that the watch was put up for sale ; that the proprietors of the place warranted it to be gold eighteen karats fine.
In response to this, the defendants, Bartlett, Massey & *673 Ryan, swear the reverse. Evidently there is a conflict in the testimony. The jury saw fit to believe the witnesses for the state, and upon error we are unable to see that inconsistency in the verdict that requires us to interfere.
Nor do we see that any of the other objections are well taken, and the judgment of the common pleas is affirmed.